IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Morrison, Personal Representative of the Estate of Donnie Ray Morrison, | ) ) ) ) | C/A No. 4:15-1366-RBH-KDW |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) ) | *Requires Response from Deborah C. Walters, a/k/a Deborah C. Cashwell by **May 29, 2015*** |
| Deborah C. Walters, a/k/a Deborah C. Cashwell, | ) ) ) | |
| Defendant. | | |

This matter was initially filed by Duke Energy for a determination of the correct beneficiary of a life insurance policy. In an order consented to by all parties, the court granted Duke Energy's Motion for Interpleader. ECF No. 8. Pursuant to the Consent Order of Interpleader, Duke Energy deposited the $10,000 life insurance proceeds with the court. Duke Energy was dismissed from this case, and the action continues as between Plaintiff Andrew D. Morrison, Personal Representative of the Estate of Donnie Ray Morrison ("Plaintiff") and Defendant Deborah C. Walters, a/k/a Deborah C. Cashwell ("Defendant") to determine the correct beneficiary of the life insurance proceeds. ECF No. 8.

In an order dated April 16, 2015, the court instructed Defendant to respond to the Complaint in this matter within 21 days of the order, ECF No. 16, making Defendant's answer to the Complaint due no later than May 7, 2015. That order was sent to Defendant by U.S. Mail. Defendant did not submit a timely response to Plaintiff's Complaint.

Plaintiff has now filed a Motion for Default Judgment against Defendant, seeking the court's order of default against Defendant for failure to respond to the Complaint in a timely

manner. ECF No. 27. In addition, Plaintiff requests that the court issue a default judgment against Defendant and award the $10,000 insurance proceeds to Plaintiff.

It appears to the court that Defendant does not wish to contest Plaintiff's right to the insurance proceeds. Defendant is advised that Plaintiff's Motion for Default Judgment, if granted, would end this matter and award the $10,000 in insurance proceeds to Plaintiff. Defendant has the right to submit a response to Plaintiff's Motion for Default Judgment. Any such response must be provided to the court no later than **May 29, 2015**.  Any response must also include Plaintiff's response to the Complaint in this matter, which can be found at pages 4-6 of ECF No. 1-1.

**In the event Defendant does not respond adequately to the Motion for Default Judgment by this date, Plaintiff's motion may be granted, thereby awarding the insurance proceeds to Plaintiff and ending this case.**[1] *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(c). The Clerk is instructed to send this Order to Defendant via U.S. Mail and certified mail.

IT IS SO ORDERED.

May 13, 2015                                                            Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

---

[1] This Order puts Defendant on notice of the importance of responding to the Motion for Default Judgment and the potential consequences of not responding. *Cf. Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).