IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Andrew Morrison, Personal Representative of the Estate of Donnie Ray Morrison, <br><br>  Plaintiff, <br><br> -vs- <br><br> Deborah C. Walters, a/k/a Deborah C. Cashwell, <br><br>  Defendant. | C/A No. 4:15-1366-RBH-KDW <br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff, Andrew Morrison, Personal Representative of the Estate of Donnie Ray Morrison ("Plaintiff"), sued Defendant Deborah C. Walters, a/k/a Deborah C. Cashwell ("Defendant") and former Defendant Duke Energy seeking funds from a $10,000.00 life insurance policy of which Defendant was the named beneficiary and Duke Energy was Issuer of said employee benefit insurance policy.[1] Compl., ECF No. 1. Although Defendant was served with the Complaint, ECF No. 1-4 at 1, and was instructed to file an answer or otherwise plead to the Complaint on or before 21 days from the date of an April 16, 2015 order, ECF No. 16, she has not answered or filed any responsive pleading. Other than consenting to Duke Energy's Motion for Interpleader, ECF No. 7 at 3, Defendant has not appeared in this action.

Plaintiff now moves for default judgment, requesting the court issue judgment in favor of Plaintiff against Defendant and award Plaintiff the $10,000.00 in life insurance proceeds. ECF No. 27. On April 6, 2015, all pretrial proceedings in this case were referred to

---

[1] On April 3, 2015, a Consent Order of Interpleader was signed by Judge Harwell, and Duke Energy was dismissed as a party to the case and instructed to file the $10,000.00 insurance proceeds with the court. ECF No. 8.

the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C. ECF No. 11. Because this motion is dispositive, the undersigned submits this Report and Recommendation ("Report") for the court's consideration.

I. Introduction

Plaintiff initially filed this action against Defendant and Duke Energy on February 17, 2015, Chesterfield County, South Carolina. ECF No. 1-1. Thereafter, Duke Energy removed the action to federal court. ECF No. 1. This case involves a dispute over insurance proceeds of a life insurance police held by the decedent, Donnie Ray Morrison. ECF No. 1-1.

A. Jurisdiction and Venue

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, E.R.I.S.A., 29 U.S.C. § 1132 (a) and F.R.C.P. 22. The court has personal jurisdiction over Defendant, and venue in this district is proper pursuant to 29 U.S.C. § 1132(e)(2) because the insurance plan was partially administered in South Carolina.

B. Process and Service

On February 27, 2015, Plaintiff served Duke Energy by certified mail on CT Corporation System in Columbia, South Carolina. ECF No. 1-2. Thereafter, on March 25, 2015, Duke Energy served Defendant with all removal documents by U.S. Mail at address 10100 Turnpike Road, Laurinburg, North Carolina 28352. ECF No. 1-4.

C. Grounds for Entry of Default

Defendant has not timely filed an answer or other pleading as reflected by the docket entries in this case and Plaintiff's representation in his Motion for Default Judgment filed on May 12, 2015, which it served on Defendant by mail. ECF No 27. Additionally, after Plaintiff filed the Motion for Default Judgment, the undersigned specifically instructed

2

Defendant to respond to Plaintiff's Motion, ECF No. 27, no later than May 29, 2015, and notified her that Plaintiff's Motion may be granted, thereby awarding Plaintiff insurance proceeds and ending the case, ECF No. 30. The court's order was served upon Defendant by U.S. and certified mail. ECF No. 32. Defendant has not filed a Response to Plaintiff's Motion for Default Judgment.

II.   Findings of Fact

Having reviewed Plaintiff's Complaint, Answers to Local Rule 26.01 Interrogatories, Motion for Default Judgment, as well as all supporting and supplemental information provided, the court accepts Plaintiff's well-pleaded factual allegations as true and makes the following factual findings. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001)).

Plaintiff is the personal representative of the Estate of Donnie Ray Morrison, and Morrison's Estate matters remain pending in Chesterfield County, South Carolina. ECF No. 1-1. It appears that Defendant is a citizen and resident of North Carolina. ECF No. 1-4. Though Defendant was listed as a beneficiary to the life insurance policy at issue in this case, Defendant was named as beneficiary of life insurance funds in anticipation of marriage. However, Morrison and Defendant never married and had no relationship when Morrison died. Having failed to respond to Plaintiff's Complaint or Plaintiff's Motion for Default

3

Judgment, the undersigned finds that Defendant consents to no longer having an interest in the life insurance proceeds that are the subject of this lawsuit.

III. Analysis

The claims in this action clearly relate to payment of benefits under an ERISA-governed employee benefit plan. 29 U.S.C. § 1132(a)(3)(B) authorizes an award of traditional equitable relief to enforce the provisions of an ERISA-governed plan. Therefore, this court may declare the respective rights of the parties concerning benefit payments by the Plan. *See e.g., Sun Life & Health Ins. Co. U.S. v. Kothari*, No. 4:08-cv-0212-TLW-TER, 2010 WL 619285, at *2 (D.S.C. Feb. 18, 2010). As stated above, Defendant has failed to answer Plaintiff's complaint and entry of default has been made by the Clerk of Court. Rule 55(b), of the Federal Rules of Civil Procedure, allows for entry of default judgment by the court. Duke Energy deposited the plan benefits of $10,000.00 into the Registry of the court. ECF No. 8. Because Plaintiff's claim for insurance proceeds is for a sum certain, entry of default judgment is proper.

IV. Conclusion

For the reasons set forth above, it is recommended that the court grant Plaintiff's Motion for Default Judgment, ECF No. 27, and issue judgment in favor of Plaintiff and against Defendant and award Plaintiff the life insurance proceeds in the amount of $10,000.00.

IT IS SO RECOMMENDED.

*[signature]*

August 31, 2015                                                     Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**