UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Andrew D. Morrison, Personal Representative of the Estate of Donnie Ray Morrison, | ) ) ) | Civil Action No.: 4:15-cv-01366-RBH |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Deborah C. Walters, a/k/a Deborah C. Cashwell, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Andrew D. Morrison, Personal Representative of the Estate of Donnie Ray Morrison,

sued Defendant Deborah C. Walters, a/k/a Deborah C. Cashwell, and former defendant Duke Energy

seeking proceeds from a $10,000 life insurance policy that named Defendant as the beneficiary.

Defendant has not answered or filed any responsive pleading, and besides consenting to Duke Energy's

motion for interpleader, she has not appeared in this case. Plaintiff has moved for default judgment.

*See* ECF No. 27. The matter is before the Court for review of the Report and Recommendation (R &

R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 40. The

Magistrate Judge recommends the Court grant Plaintiff's motion for default judgment, issue judgment

in favor of Plaintiff and against Defendant, and award Plaintiff the life insurance proceeds in the amount

of $10,000.00. R & R at 4.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those

portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 40] of the Magistrate Judge, as modified.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment [ECF No. 27] is **GRANTED**, that judgment is **ENTERED** in favor of Plaintiff and against Defendant, and that

---

[1]    On pages two and three of the R & R, the Magistrate Judge summarizes the grounds permitting an entry of default. She states that after Plaintiff filed the motion for default judgment, she issued an order directing Defendant to respond to Plaintiff's motion no later than May 29, 2015, and notifying Defendant that Plaintiff's motion may be granted. R & R at 2-3; *see* ECF No. 30 (order directing Defendant to respond). The Magistrate Judge further stated, "The court's order was served upon Defendant by U.S. and certified mail. ECF No. 32. *Defendant has not filed a Response to Plaintiff's Motion for Default Judgment.*" *Id.* at 3 (emphasis added).

Regarding the italicized statement above, it is apparent the Magistrate Judge found Defendant failed to respond but neglected to specify the order directing Defendant to respond—specifically, the one mailed via certified mail—was returned as undeliverable. *See* ECF No. 35 (docket entry showing the order [ECF No. 30] sent via certified mail was returned as undeliverable). The Court modifies this portion of the Magistrate Judge's R & R to reflect the fact that the certified mailing containing the order was returned as undeliverable. However, the Court notes that besides that one mailing, no other mail has been returned in this case (including the R & R sent to Defendant on August 31, 2015). The Court also notes the Clerk has sent all mail for Defendant to the same address where Duke Energy originally served Defendant with the removal documents: Deborah C. Walters, 10100 Turnpike Road, Laurinburg, NC 28352. *See* ECF Nos. 10, 15, 17, 20, 24, 32, & 41.

Plaintiff is **AWARDED** the life insurance proceeds in the amount of $10,000.00, plus all accrued interest.

**IT IS SO ORDERED.**

Florence, South Carolina
September 22, 2015

R. Bryan Harwell
United States District Judge

3